UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Crystal L. Dozier, individually, and as parent and guardian on behalf of NC, a minor )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>Horry County School District, Nick Harris, Krysten Webster, and Mary Price (in their individual Capacities )<br>)<br>)<br>)<br>)<br>Defendants )<br>) | CASE NO: _____<br><br>Complaint |

**EMPLOYMENT CASE**

The Plaintiff, complaining of the Defendants herein, would respectfully allege as follows:

**PARTIES AND JURISDICTION**

1. The Plaintiff, Crystal Dozier, (hereinafter "Plaintiff") is a citizen and resident of Marion County, South Carolina. She is the parent and guardian of NC, the victim in this case. NC is a 17 year old African American female student at Green C. Floyds High School in Horry County School District in Horry County, South Carolina, which receives Federal Funds.

2. Defendant Horry County School District is a school district organized and existing under the laws of the State of South Carolina, which serves the residents of Horry County, South Carolina and receives Federal Funds.

3. Upon information and belief, Defendant Nick Harris is a Caucasian Male citizen and resident of Horry County, South Carolina. Defendant Nick Harris is and was at all times

giving rise to this action the Principal of Green C. Floyds High School a High School in Defendant Horry County School District.

4. Upon information and belief, Defendant Krysten Webster is a Caucasian Female citizen and resident of Horry County, South Carolina. Defendant Krysten Webster is and was at all times giving rise to this action an English Teacher and the Tennis Coach of Green C. Floyds High School.

5. Upon information and belief, Defendant Mary Price is a Caucasian Female citizen and resident of Horry County, South Carolina. Defendant Mary Price is and was at all times giving rise to this action the Assistant Principal of Green C. Floyds High School.

6. This action arises under Title VI of the Civil Rights Act of 1964, as amended; The Civil Rights Acts of !866 and 1871, as amended, and the common law of South Carolina.

7. Subject Matter jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331 which gives the District Court jurisdiction over any legal action authorized by law to be commenced by any person to recover damages under any Act of Congress for the protection of civil rights.

8. Venue lies within the Florence Division pursuant to 28 USC Section 1391, because the defendants and plaintiff reside in the Florence Division and the circumstances giving rise to this action occurred in the Florence Division

## FACTUAL ALLEGATIONS

9. On or about February 2023, NC became a student at Green C. Floyds High School under the supervision of Defendant Nick Harris.

10. On July 28, 2023, Defendant Webster posted an ad on Facebook for children to apply for the school Tennis Team. Upon information and belief this ad was placed so that any child with an interest in tennis could respond to the ad and join the tennis team.

11. During this relevant time period, NC was an ex-student of Defendant Webster and Defendant Webster was familiar with NC and her race as an African American.

12. On or about July 28, 2023 NC messaged Defendant Webster regarding joining the tennis team, but yet Defendant Webster refused to respond to NC regarding NC's interest in the tennis team. Upon information and belief, this was due to Defendant Webster's racial animus against African American students.

13. It was not until NC's mother, Plaintiff Dozier, intervened on July 30, 2023 and messaged Defendant Webster regarding NC joining the team that Defendant Webster indicated that NC could participate on the team. Tennis practice started July 28, 2023.

14. During the first week of tennis practice there was an assistant coach named Coach Dicky who allowed NC to participate in practice along with the other girls all of whom were Caucasian. During that time period Defendant Webster was out of town.

15. Upon Defendant Webster's return NC was immediately beset with racial discrimination by Webster. Defendant Webster allowed the other girls, all of whom were Caucasian, to use NC as "target practice" throughout each day's tennis practice.

16. This daily behavior of racial abuse caused NC great distress and emotional harm and was a blatant instance of race discrimination.

17. On or about August 2023, following a tennis game Plaintiff Dozier went to Defendant Webster and inquired about how NC could get better as a tennis player. Defendant Webster laughed in her face and looked down upon her before walking off during the middle of the

conversation. Upon information and belief, this was but an example of Defendant Webster's racial animus towards Plaintiff Dozier and NC as Defendant Webster harbored and demonstrated racial animus towards NC as an African American on a daily basis.

18. On or about August 25, 2023, NC approached Defendant Webster regarding her, Webster's, blatant race discrimination. During this conversation NC expressly indicated that she was concerned that Webster was discriminating against her because of her race. This conversation occurred prior to Defendant Webster's first class of the day and in a quiet and personal setting. Defendant Webster berated NC and rebuffed NC's concerns. Defendant Webster told NC to come back third period to further their conversation.

19. Later that day during third period, NC came back per Defendant Webster's directive to meet regarding Defendant Webster's racial attacks on her. During this meeting Defendant Price, Defendant Webster, and another minor student of Indian descent who had similar complaints, S, was present.

20. During the meeting NC expressly stated to Defendant Webster that she was being racially discriminated against. Defendant Webster immediately got argumentative with NC and berated her. Defendant Price immediately disregarded her concerns of race discrimination, attempted to stifle her complaints, and verbally assaulted her. This caused NC great distress.

21. Following the meeting, NC called her mother, Plaintiff Dozier to the school. At this time, Defendant Price and Defendant Harris approached Plaintiff Dozier and cornered her in an office. During their meeting with Plaintiff Dozier they lied on NC and defamed her by indicating that she was aggressive and violent during their earlier meeting.

22. During this meeting with Plaintiff Dozier, Defendants Harris and Price attempted to stifle all complaints of race discrimination and prevent Plaintiff Dozier and NC from making any complaints to the District by stating that they do not allow any race discrimination complaints and that they do not see race at Green C. Floyds High School.

23. On or about August 28, 2023 due to the racial abuse NC received from Defendant Webster, NC dismissed herself from the tennis team.

24. On about the morning of August 28, 2023, Plaintiff Dozier approached Defendant Price regarding the defamatory statements she made regarding NC because Defendant Price did not realize that NC had recorded the audio of the August 25, 2023 meeting. Upon being approached regarding her defamatory statements, Defendant Price immediately admitted her deception and apologized. This did not ameliorate the harm that had been done.

25. On about August 28, 2023, Plaintiff Dozier, NC's step father, Anthony Fairwell, Defendant Harris, and Defendant Webster had a meeting at the school. During the meeting, Fairwell indicated that NC had some racial discrimination complaints. Defendant Price immediately said that they do not allow race discrimination complaints at Green C. Floyds High School. During the course of the meeting, Plaintiff Dozier stated several times that she had several race discrimination complaints but was continually rebuffed. Defendant Harris informed her that he wanted to end Plaintiff's Dozier's race discrimination's complaints.

26. On September 6, 2023, Plaintiff Dozier wrote a letter to Horry County School District, and the School Board, complaining of race discrimination.

27. Following Plaintiff Dozier's letter, NC began getting bullied at the school and reported her concerns to Defendant Price. Rather than address these concerns, Defendant Price allowed

the bullying to continue resulting in physical and emotional harm to NC. This was a clear act of retaliation in violation of Title VI and NC and Plaintiff's race discrimination complaints.

28. NC had to endure walking down the hallways of the school with teachers saying "shame on her" for having made complaints of race discrimination.

29. Following Plaintiff Dozier's September 6, 2023 letter to the District, Janet Patten, an investigator from the District performed a perfunctory investigation into Plaintiff's allegations and ultimately came to the conclusion that there was bias but that Defendant Webster did not "know any better".

30. As a result of the racial harassment, discrimination, and retaliation that she received NC had no other option but to withdraw from school on January 24, 2024.

31. Plaintiff has no other option but to file this lawsuit to seek redress for the harm that was caused by the Defendants.

**FOR A FIRST CAUSE OF ACTION**
**AGAINST THE DEFENDANT SCHOOL DISTRICT**
(Violation of Title VI Race Discrimination/Harassment)

32. Where not inconsistent herewith, the Plaintiff repeats and realleges the foregoing allegations as if repeated fully and completely verbatim herein.

33. NC was subjected to a hostile environment and discrimination on the basis of her race; such treatment was disparate, discriminatory and perpetrated by the Defendant District.

34. NC was treated to race discrimination in one or more of the following particulars:

    a. Being subjected to racially disparate treatment as a player on the tennis team as compared to her Caucasian comparators;

    b. Being subjected to racial harassment by Defendant Webster, Harris, and Price during the August 2023 meetings complained of above;

    c. Being racially discriminated against when attempting to join the tennis team

    d. Being told by Defendants that Plaintiffs could not make complaints of race discrimination.

    e. Being subjected to a perfunctory investigation regarding race discrimination.

35. Furthermore, NC was forced to withdraw from her high school due to the race discrimination that she received.

36. The Defendant District is liable for all damages that NC suffered that were incurred by the violation of Title VI that are alleged herein as it directly and proximately caused the same.

37. As a direct and proximate result of the Defendant District's violation of Title VI, NC has suffered embarrassment, humiliation, and emotional distress. Plaintiff is further entitled to an award of actual damages, compensatory damages, punitive damages, and award of reasonable attorney's fees and costs; as well as any and all remedial action as justice requires as authorized by Title VI.

**FOR A SECOND CAUSE OF ACTION**
**AGAINST THE DEFENDANT SCHOOL DISTRICT**
(Violation of Title VI Retaliation)

38. Where not inconsistent herewith, the Plaintiff repeats and realleges the foregoing allegations as if repeated fully and completely verbatim herein.

39. NC was subjected to retaliation on the basis of her and Plaintiff Dozier's protected complaints of race discrimination such treatment was disparate, discriminatory and perpetrated by the Defendant District.

40. NC was treated to unlawful retaliation in one or more of the following particulars:

   a. Being verbally assaulted during the August 25, 2023 second meeting following her initial complaints of racial discrimination;

   b. Being forced off the tennis team following her complaints of race discrimination;

   c. Being told by Defendants that she could not make complaints of race discrimination.

   d. Being allowed to be bullied by other students by Defendant Price following her complaints of race discrimination.

41. Furthermore, NC was forced to withdraw from her high school due to the retaliation that she received.

42. The Defendant District is liable for all damages that NC suffered that were incurred by the violation of Title VI that are alleged herein as it directly and proximately caused the same.

43. As a direct and proximate result of the Defendant District's violation of Title VI, NC has suffered embarrassment, humiliation, and emotional distress. Plaintiff is further entitled to an award of actual damages, compensatory damages, punitive damages, and award of reasonable attorney's fees and costs; as well as any and all remedial action as justice requires as authorized by Title VI.

**FOR A THIRD CAUSE OF ACTION**
**AGAINST DEFENDANTS HARRIS AND PRICE**
(Defamation)

44. Where not inconsistent herewith, the Plaintiff repeats and realleges the foregoing allegations as if repeated fully and completely verbatim herein.

45. Defendants Harris and Price defamed NC following NC's August 25, 2023 meeting with Defendant Webster.

46. Defendants Harris and Price knowingly made false statements to Plaintiff Dozier that NC was violent and aggressive during the August 25, 2023 meeting which falsely impugned NC's character to her mother.

47. Defendants Harris and Price knew that their statements regarding NC were false at the time when they published them.

48. Defendants Harris and Price made such false statements for the sole purpose of harming NC's reputation.

49. That as a direct and proximate result of the aforesaid defamation NC's reputation has been damaged and the Defendants named herein are liable for NC's reputational loss, emotional distress, mental anguish, humiliation, and embarrassment. NC is also entitled to an award of punitive damages for the willful, wanton, mean-spirited and intentional defamation of her by Defendants Harris and Price.

**FOR A FOURTH CAUSE OF ACTION**
**AGAINST DEFENDANTS WEBSTER, HARRIS AND PRICE**
(Civil Conspiracy)

50. Where not inconsistent herewith, the Plaintiff repeats and realleges the foregoing allegations as if repeated fully and completely verbatim herein.

51. The individual Defendants named herein and others have met, conspired and schemed to cause NC and Plaintiff Dozier harm.

52. Those Individual Defendants acted outside the scope of their employment and in abuse of their positions to harass the Plaintiff and NC and in abuse of their position to verbally abuse NC, a student, to harass NC and Plaintiff Dozier, and to cover up their tracks.

53. That such treatment of Plaintiff Dozier and NC was motivated by an intent to harm Plaintiff and NC for their own personal agendas.

54. Such actions of the individual Defendants have isolated and damaged NC and Plaintiff Dozier.

55. The foregoing conduct amounts to an unlawful civil conspiracy to deprive Plaintiff Dozier and NC of their rights and to harm NC and Plaintiff Dozier for which the Individual Defendants named herein are liable.

56. Said civil conspiracy has directly and proximately caused Plaintiff and NC to be ostracized, isolated and to suffer increased stress and anxiety. Plaintiff Dozier has suffered a loss of companionship with her daughter and has been forced to incur the costs and reasonable attorney's fees of prosecuting this action.  Further the Plaintiff and NC are entitled to an award of punitive damages for the malicious, intentional, and mean-spirited actions of the Individual Defendants acting herein.

## JURY TRIAL REQUEST

57. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment, as determined by a jury against the Defendant School District for her race discrimination, racial harassment, and retaliation claim in violation of Title VI with all alleged embarrassment, humiliation, emotional distress, actual damages, compensatory damages, punitive damages, reasonable attorney's fees and costs; as well as any and all remedial action as justice requires as authorized by Title VI.

MOREOVER, Plaintiff prays for damages for defamation claim as determined by a jury against Defendants Harris and Price for all reputational and other loss alleged and caused those Defendants upon the Plaintiffs.  Plaintiffs also pray for punitive damages.

LASTLY, against Defendants Price, Harris, and Webster, in their individual capacities, Plaintiffs further pray for an award, as determined by a jury, of all actual and punitive damages, as well as the costs of prosecuting this action for their civil conspiracy against the Plaintiffs.

                                                     RESPECTFULLY BY:
                                                     s/Aaron V. Wallace
                                                     Aaron V. Wallace (11469)
                                                     Wallace Law Firm
                                                     534 Saint Andrews Road, STE B PMB 2002
                                                     Columbia, SC 29210
                                                     PH 803-766-3997
March 16, 2024                             Fax:839-218-5786