IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Crystal L. Dozier, individually, and as parent and guardian on behalf of NC, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>Horry County School District, Nick Harris, Krysten Webster, and Mary Price (in her individual Capacities,<br><br>Defendants, | C.A. No. 4:24-cv-01294-JD<br><br><br>**ANSWER** |

TO PLAINTIFF AND THEIR ATTORNEY:

The Defendant's, by and through its undersigned counsel, hereby responds to Plaintiff's Amended Complaint and would show this Honorable Court as follows:

### **FOR A FIRST DEFENSE**

1. Each and every allegation of the Complaint not hereinafter expressly admitted is hereby denied.

2. Answering the allegations in paragraph 1, Defendants do not have information sufficient to form an opinion as to the truth or falsity thereof and therefore deny the same.

3. Answering the allegations in paragraph 2 -5, Defendants admit the same.

4. Answering the allegations in paragraphs 6-7, Defendants deny the same.

5. Answering the allegations in paragraph 8, Defendants admit that venue is proper in the South Carolina District Court, Florence Division.

6. Answering the allegations in paragraphs 9 -11, Defendants are informed and believe the same are true.

7. Answering the allegations in paragraph 12, Defendants deny the same.

8. Answering the allegations in paragraph 13, Defendants admit that Plaintiff Dozier communicated with Defendant Webster and Plaintiff Dozier was informed that NC could participate on the team.

9. Answering the allegations in paragraph 14, Defendants admit the same.

10. Answering the allegations in paragraphs 15 – 56, Defendants deny the same.

11. Answering the request in paragraph 57, Defendants will consent to a jury trial.

## FOR A SECOND AND FURTHER DEFENSE

12. The Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action and/or a claim upon which relief can be granted against this Defendant and, therefore, should be dismissed, pursuant to Rule l 2(b)(6) of the South Carolina Rules of Civil Procedure and/or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FORA THIRD AND FURTHER DEFENSE

13. Plaintiff's claims are barred because NC was not treated differently from similarly situated students.

## FOR A FOURTH AND FURTHER DEFENSE

14. Plaintiffs are estopped from maintaining this action against Defendant because Plaintiffs' demands for accommodation in this matter were unreasonable and called on Defendant Webster to discriminate against other employees on impermissible grounds.

## FOR A FIFTH AND FURTHER DEFENSE

15. Defendant made a good faith effort to accommodate Plaintiffs' needs and rights under Title VI.

### FOR A SIXTH AND FURTHER DEFENSE

16. Defendants exercised reasonable care to prevent and correct any harassing and/or potentially harassing behavior and the Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided.

### FOR A SEVENTH AND FURTHER DEFENSE

17. Plaintiffs do not have standing to assert their claims against Defendants.

### FOR AN EIGHTH AND FURTHER DEFENSE

18. Defendants are immune from Plaintiffs' claims for damages under either qualified good faith immunity or under the 11th Amendment of the U.S. Constitution.

### FOR AN NINTH AND FURTHER DEFENSE

19. Plaintiffs' claims are barred by the applicable statutes of limitations.

### FOR A TENTH AND FURTHER DEFENSE

20. Plaintiffs' sole and exclusive remedy as to any alleged state law claims against Defendants is pursuant to the limited waiver of sovereign immunity in the South Carolina Tort Claims Act, § 15-78-10, entire sequence, of the South Carolina Code of Laws, and provisions of the Act are hereby pled as a bar or limit to Plaintiffs' claims.

### FOR AN ELEVENTH AND FURTHER DEFENSE

21. Plaintiff failed to properly exhaust her administrative remedies before bringing the above captioned lawsuit.

### FOR TWELFTH AND FURTHER DEFENSE

22. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the Title VI and the South Carolina Tort Claims Act and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in

violation of the safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of Suth Carolina.

### FOR THIRTEETH AND FURTHER DEFENSE

23.  Plaintiffs have failed to mitigate their alleged damages.

### FOR A FOURTEENTH AND FURTHER DEFENSE

24.  Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

### FOR A FIFTEENTH AND FURTHER DEFENSE

25.  Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practices in connection with public school proceedings.

### FOR A SIXTEENTH AND FURTHER DEFENSE

26.  All actions taken by Defendants with respect to Plaintiff were supported by legitimate education or athletic rules and/or reasons.

**This Defendants expressly reserves the right to assert such other affirmative defenses that may become evident during the course of discovery.**

WHEREFORE, having fully answered the Complaint, Defendants prays that the same be dismissed, for its costs, attorneys' fees and for such other and further relief as to the Court is just and proper.

                        Respectfully submitted,

                        *S/ Michael W. Battle,*
                        Michael W. Battle, Fed ID 1243
                        BATTLE LAW FIRM, L.L.C.
                        Attorney for Defendants
                        P.O. Box 530, 1121 3rd Ave.
                        Conway, SC 29528
                        (p) (843) 248-4321  (f) (843) 248-5421

April 25, 2024